## In re MEDINA QUARRY CO.

(Circuit Court of Appeals, Second Circuit. June 14, 1912.)

### No. 17.

· BANKRUPTCY (§ 468*)—PROCEEDINGS FOR REVIEW—REMAND.
> Where the Circuit Court of Appeals on an appeal has determined the law governing the right of creditors to the allowance of counsel fees for services rendered the estate of a bankrupt, it may properly remand the case to permit the amounts to be fixed by the District Court.
>
> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 930; Dec. Dig. § 468.*
>
> Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition to Revise Order of the District Court of the United States for the Western District of New York.

In·the matter of the Medina Quarry Company, bankrupt. On motion for resettlement of mandate directed on reversal (191 Fed. 815, 112 C. C. A. 329). Motion denied.

Martin Conboy, for petitioners.
W. E. Houpt and J. J. Ryan, for respondents.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The petition to revise was disposed of by re-·versing the order below and remanding the cause "for further proceedings in accordance with this opinion."

The question presented by the petition to revise was the propriety of allowances to certain creditors for expenses incurred through services of counsel. We held that· such allowance might

be made by the district judge, where property transferred or concealed by a bankrupt had been through the efforts of such counsel recovered for the benefit of the estate, such allowance to be reasonable in amount.

As to two of the allowances, we accepted the finding of the District Court that service of the sort referred to for the benefit of the estate had been rendered, but further held that, the allowance being a lump sum in each case, covering such services and also other services of a different character, the order would have to be reversed and the cause remanded for making allowances for the particular services which are within the statute.

We see no necessity for modifying the mandate in any way. The district judge will proceed to ascertain how much should be allowed for the particular services. He will do this either upon the record originally before him in the District Court, or, if he wishes, he may take additional testimony. Upon reaching a conclusion, he will embody the same in an order or decree. There is nothing further for this court to do, unless one side or the other should be dissatisfied with such order or decree and should undertake to upset it by a petition to revise, a contingency which must certainly be remote since the law of the case is settled by our former opinion. ·